IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS HAROLD STIGER, | * | |
| Reg #39053-115 | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 2:13CV00025-SWW-JJV |
| | * | |
| ANTHONY HAYNES, Warden, | * | |
| FCI - Forrest City, | * | |
| | * | |
| Respondent. | * | |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence which supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is Thomas Stiger's Petition for Writ of Habeas Corpus (Doc. No. 1) and Amended Petition (Doc. No. 8) seeking relief pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Bureau of Prisons (BOP) Forrest City Correctional Institution (FCI).

### I.    BACKGROUND

Mr. Stiger alleges that he has been eligible for Residential Re-entry Center (RRC) placement since September 21, 2012, and for home confinement on March 22, 2013, but that he is being "unlawfully deprived" of his RRC placement in violation of the First and Fifth Amendments to the United States Constitution and the Second Chance Act, 18 U.S.C. § 3624. (Doc. No. 1 at 2.) Mr. Stiger's anticipated release date is September 22, 2013. (Doc. No. 1 at 8.)

### II.   ANALYSIS

Habeas corpus petitioners are generally required to exhaust available administrative remedies before filing for relief under 28 U.S.C. §2241. See *United States v. Chappel,* 208 F.3d 1069 (8th

Cir. 2000). Exhaustion, however, is not required if it would be futile and both sides agree a substantial amount of time is necessary to complete the administrative process. In fact, it would take a prisoner a minimum of ninety days to complete the Bureau of Prisons (BOP)'s administrative remedy exhaustion process, and the process could take as long as 160 days. See *Tensley v. Outlaw,* No. 2:10CV00014BD, 2010 WL 2671782 (E.D. Ark. July 2, 2010). Respondent does not dispute that exhaustion would likely be futile since the petitioner's anticipated release date is September 22, 2013. Therefore, the Court will address the merits of Mr. Stiger's claims. See *Lueth v. Beach,* 498 F.3d 795, 797 (8th Cir. 2008), *cert. denied*, 128 S. Ct. 927 (2008) (a court may address the merits of a petition despite alleged failure to exhaust administrative remedies because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional.")

Mr. Stiger believes he is being unlawfully deprived of RRC placement during his final months of incarceration. He states he is prevented from participating in the RRC program based on an invalid warrant that was dismissed by a Shelby County, Tennessee Circuit Court. (Doc. No. 1 at 9-12.) Respondent counters that Mr. Stiger was denied placement in the RRC program because of his medical history which includes a "multitude of health concerns that would preclude the placement in RRC or HC" (home confinement). (Doc. No. 9-1 at 5.)

Respondent further states that BOP is not required to give every inmate placement in RRC. The BOP is authorized by statute to designate where federal inmates are imprisoned, which may be "any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP]. . . that the [BOP] determines to be appropriate and suitable. . ." 18 U.S.C. § 3621(b). This statute requires the BOP to consider 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) statements and recommendations from the sentencing court; and 5) any pertinent policy statements

issued by the United States Sentencing Commission. *Id.*

Neither the statute nor case law entitles a prisoner to RRC placement. Title 18 U.S.C. § 3624 "only obligates the BOP to facilitate the prisoner's transition from the prison system." *Elwood v. Jeter,* 386 F.3d 842, 827 (8th Cir. 2004). The BOP is only required to individually consider a prisoner pursuant to the statutory factors set forth in § 3621(b) and to consider requests for RRC placement in "good faith." *Miller v. Whitehead,* 527 F.3d 752, 757-758 (8th Cir. 2008).

Here, there is no allegation of bad faith, rather mistaken belief by Mr. Stiger that he is being denied placement because of an invalid warrant. And the Court can find nothing in the record that would support a finding that the BOP has acted in bad faith in this case. The Respondent assessed and referred Petitioner for RRC placement in a manner consistent with the statutory guidelines. The RRC staff and administration rejected the RRC referral because of Mr. Stiger's medical conditions. This rationale was within their discretion.

Moreover, Mr. Stiger's constitutional rights have not been violated. The law is clear that a prisoner has no constitutional right to be placed in any particular correctional facility, even though the degree of confinement in one facility may be quite different from that in another. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano,* 427 U.S. 215, 224-25, 228 (1976). Where Congress has given federal prison officials full discretion to control matters of housing, classification, and eligibility for rehabilitative programming, a federal prisoner can have no legitimate statutory or constitutional entitlement sufficient to invoke due process. *Moody v. Daggett,* 429 U.S. 78, 88 (1976). Accordingly, the Respondent has not violated Mr. Stiger's constitutional rights and the Petition should be denied.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition and Amended Petition for Writ of Habeas Corpus (Doc. Nos. 1, 8) be DISMISSED with prejudice.

2. All pending motions be DENIED as moot.

DATED this 9th day of July, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE